# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROXANNE BUCK,

                Petitioner,      :      Case No. 3:17-cv-344

  - vs -                          District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

Warden,
  Dayton Correctional Institution,

                                    :

                Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought pro se by Petitioner Roxanne Buck seeking relief from her convictions for murder and evidence tampering in the Summit County Common Pleas Court and consequent sentence to imprisonment for eighteen years to life (Petition, ECF No. 2, PageID 2). As with all habeas corpus cases filed at the Dayton location of court, the case has been referred to the undersigned. The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner pleads the following grounds for relief:

> **Ground One:** Constitutional right violated when the trial was unreasonably continued outside the timeframe of speedy trial waiver.

1

**Supporting Facts:** Speedy trial waiver had end date of 9-15-14. Court allowed prosecutor continuance because they failed to secure their witness. Waiver was signed 7-2-14; continuance filed 8-22-14; motion to withdraw speedy trial 8-28-14. The court did not specifically state the basis for its determination that continuance was reasonable. Trial commenced 10-6-14; from the date of arrest to trial 260 days elapsed. Prosecution added additional evidence after continuance and after originally scheduled trial.

**Ground Two:** Did NOT knowingly, intelligently and voluntarily waive right to a speedy trial.

**Supporting Facts:** Waiver to speedy trial was signed 7-2-14 but was not done knowingly, intelligently, and voluntarily. No one informed that the waiver would not be backdated to time of arrest if a specific date was not included. Counsel failed to ensure commenced date and advised that waiver could not be continued past 9-15-14. I was against signing waiver when counsel told me this. I was misled into authorizing state to begin calculating time on 9-15-2014 as opposed to arrest date. There was also no place on the waiver for a beginning date, only an end date.

**Ground Three:** Ineffective counsel during trial court proceeding and from original appellate attorney.

**Supporting Facts:** (A) Trial counsel did not inform me of putting a beginning date on speedy trial waiver and misled me by telling me continuance cannot occur after end date of 9-15-14. (B) Jeff James (original appellate counsel) failed to secure pretrial transcripts where continuances were granted and waivers given which would have supported speedy trial violation upon appeal despite an order authorizing the transcript to be created.

**Ground Four:** Constitutional right to due process was violated when prosecutor admitted evidence that's [whose] probative value was substantially outweighed by the prejudicial impact.

**Supporting Facts:** The prosecutor presented evidence in the form of a gruesome and repetitive power point of the autopsy; this evidence's probative value was substantially outweighed by its prejudice. The court refered [sic] to the power point as jury torture that was repetitive. A jury member had to leave due to having a severe reaction which supports this.

(Petition, ECF No. 2).

Petitioner indicates that she appealed her conviction to the Ohio Ninth District Court of Appeals. That court's decision is reported at *State v. Buck*, 2017-Ohio-273, 2017 Ohio App. LEXIS 271 (9th Dist. Jan. 25, 2017). Thereafter the Ohio Supreme Court declined further appellate review. *State v. Buck,* 2017-Ohio-4396, 2017 Ohio LEXIS 1269 (Jun. 21, 2017). Petitioner further advises that she has filed no other "petitions, applications, or motions concerning this judgment of conviction in any state court." (Petition, ECF No. 2, Question 10). She confirms at other points in the Petition that she has not filed any post-conviction attacks on the judgment.

# Analysis

**Ground One: Violation of Right to Speedy Trial**

In her First Ground for Relief, Petitioner asserts she was deprived of her constitutional right to a speedy trial.

The Sixth Amendment to the United States Constitution guarantees a speedy trial in a criminal case. Like many portions of the Bill of Rights, it has been made applicable to the States through the Fourteenth Amendment Due Process Clause. *Klopfer v. North Carolina,* 386 U.S. 213 (1967). The Supreme Court has developed a four-part balancing test to use in determining whether a defendant's right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant has asserted his right; and (4) prejudice to the

defendant. *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972). Delay is presumptively prejudicial where the post-accusation delay approaches one year. *Doggett v. United States*, 505 U.S. 647 (1992).

Many States, including Ohio, have adopted statutes providing for a speedy trial of criminal cases. In Ohio the relevant statute is Ohio Revised Code § 2945.71. The Ohio statute is much more rigid than the Constitution. In Ohio if trial is not commenced within 270 days of arrest or 90 days if the defendant is held in jail, the charges must be dismissed, unless there has been a valid waiver.

It is important to distinguish a defendant's rights under Ohio Revised Code § 2945.71 from her rights under the Sixth Amendment for habeas corpus purposes, because habeas corpus is available only for violations of the United States Constitution. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).

The Ninth District Court of Appeals determined that Petitioner was brought to trial within the time allowed by Ohio Revised Code § 2945.71. This habeas corpus court cannot reexamine the correctness of that decision as a matter of state law because the Ohio's courts' determinations of state law are binding on the federal courts. *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."), *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005)*; Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).

Applying the federal constitutional analysis adopted by the Supreme Court in *Barker, supra,* the Court notes Petitioner was brought to trial in substantially less than one year, so her Sixth Amendment speedy trial right was not violated. Petitioner's Ground One is without merit.

**Ground Two: Lack of Effective Waiver of Speedy Trial Right**

In her Second Ground for Relief, Petitioner asserts her speedy trial waiver was not knowing, intelligent, and voluntary. Because the State did not violate her Sixth Amendment speedy trial right nor attempt to use her waiver to extend trial beyond one year, Ground Two should be dismissed because it does not state a claim on which federal habeas corpus relief can be granted.

**Ground Three: Ineffective Assistance of Trial Counsel and Original Appellate Counsel**

In her Third Ground for Relief, Petitioner asserts she received ineffective assistance of trial counsel when her trial attorney did not put a commencement date on the waiver she signed and misled her by telling her the continuance could not be beyond September 15, 2014. She also asserts she received ineffective assistance of appellate counsel when her original appellate attorney did not request pre-trial transcripts which would have shown the speedy trial violations.

Petitioner raised this claim as her Third Assignment of Error on direct appeal. The Ninth District decided that Assignment as follows:

[*P17] In her third assignment of error, Buck argues that she received ineffective assistance of counsel from both trial and appellate counsel. Specifically, Buck contends that trial counsel was ineffective by failing to advise her that the speedy trial time waiver related back to the date of arrest, March 20, 2014, instead of July 3, 2014, when she signed the waiver. With regard to appellate counsel, Buck argues that her first appellate lawyer1 was ineffective by failing to ensure that the transcript of the pretrial proceeding where Buck waived her right to a speedy trial was included in the appellate record. We disagree with both of Buck's arguments.

[*P18] "On the issue of counsel's ineffectiveness, [Buck, as the Appellant,] has the burden of proof because in Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62, 860 N.E.2d 77. To prove ineffective assistance of counsel, Buck must establish that (1) her counsel's performance was deficient, and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To demonstrate prejudice, an appellant must prove that "there exists a reasonable probability that, were it not for counsel's [deficient performance], the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus. The same standard applies to an ineffective assistance claim made against appellate counsel. *State v. Rojas*, 64 Ohio St.3d 131, 141, 1992 Ohio 110, 592 N.E.2d 1376 (1992). This Court need not address both prongs of *Strickland* if an appellant fails to prove either one. *State v. Ray*, 9th Dist. Summit No. 22459, 2005-Ohio-4941, ¶ 10.

[*P19] With regard to Buck's ineffective assistance of trial counsel argument, we reiterate that since the transcript of the pretrial proceeding where Buck waived her right to a speedy trial was not included in the appellate record, this Court must presume regularity in the trial court's proceedings. See *State v. Jackson*, 9th Dist. Lorain No. 95CA006152, 1995 Ohio App. LEXIS 5463, 1995 WL 734029, *2 (Dec. 13, 1995) (presuming regularity in the trial court's proceedings and overruling appellant's ineffective assistance of trial counsel argument where appellant did not provide this Court with a transcript of the hearing on his motion for post-conviction relief), citing *Wozniak v. Wozniak*, 90 Ohio App.3d 400, 409, 629 N.E.2d 500 (9th Dist.1993). With regard to Buck's ineffective assistance of appellate counsel argument, we note that App.R. 26(B) is the appropriate remedy for asserting a claim for

ineffective assistance of appellate counsel. *State ex rel. Collins v. Saffold*, 8th Dist. Cuyahoga No. 97494, 2012-Ohio-278, ¶ 6.

[*P20] Accordingly, Buck's third assignment of error is overruled to the extent that we presume regularity in the trial court proceedings and this Court cannot address her ineffective assistance of appellate counsel argument at this juncture.

Under the Sixth Amendment, a criminal defendant is entitled to the effective assistance of counsel at trial. *Powell v. Alabama*, 287 U.S. 45 (1932)(capital cases); *Gideon v. Wainwright*, 372 U.S. 335 (1963)(felony cases); *Argersinger v. Hamlin,* 407 U.S. 25 (1972)(misdemeanor cases where imprisonment is a possibility); *Alabama v. Shelton,* 535 U.S. 654 (2002)(even if sentence is suspended).

However, before a defendant may bring a claim of constitutional error in habeas corpus, she must exhaust the remedies provided by the State for that error. If she has failed to attempt to use those remedies within the time allowed by the State, she has procedurally defaulted on her claims and they are subject to dismissal.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

Ohio provides two remedies for ineffective assistance of trial counsel. If the ineffectiveness can be shown from the record on direct appeal, a defendant must present the

claim in that way. Here the claim could have been shown on direct appeal but was not because the requisite transcripts were not filed. Ohio has a rule that the appellant is responsible for providing the court of appeals with the needed transcript. Ms. Buck did not do that and the Ninth District held her failure against her. Thus the ineffective assistance of trial counsel portion of this Third Ground is procedurally defaulted.

One way to avoid a procedural default dismissal is to show that it was caused by ineffective assistance of appellate counsel and that the defendant was prejudiced thereby. However, before ineffective assistance of appellate counsel can be used to excuse a procedural default, it must first be presented to the state courts in the way that they require. *Edwards v. Carpenter*, 529 U.S. 446 (2000). Here the Ninth District explicitly told Ms. Buck that her ineffective assistance of appellate counsel claim had to be raised by an application for reopening under Ohio R. App. P. 26(B). According to her Petition, she has not done so and the sixty-day time limit for that filing expired March 26, 2017.

Accordingly, Petitioner's Third Ground for Relief should be dismissed as procedurally defaulted.

**Ground Four: Probative Value of Autopsy Pictures**

In her Fourth Ground for Relief, Ms. Buck asserts she was deprived of due process when the prosecutor was permitted to show the jury photographs (power point slides) of the victim's autopsy and the prejudicial effect of those photographs outweighed their probative value.

Petitioner presented this claim to the Ninth District as her Fourth Assignment of Error. That court decided the issue as follows:

**[\*P21]** In her fourth assignment of error, Buck contends that the trial court erred by denying her motion for a mistrial following the State's presentation of a "gruesome and repetitive" PowerPoint presentation containing photographs of the victim's autopsy. We disagree.

 **[\*P22]** "'Under Evid.R. 403 * * *, the admission of photographs is left to the sound discretion of the trial court.'" *State v. Maurer*, 15 Ohio St.3d 239, 264, 15 Ohio B. 379, 473 N.E.2d 768 (1984). Likewise, a trial court's ruling on a motion for mistrial will not be reversed absent an abuse of discretion. *State v. Witcher*, 9th Dist. Summit No. 26111, 2012-Ohio-4141, ¶ 32. "A trial court may reject a photograph, otherwise admissible, due to its inflammatory nature, if the prejudicial effect outweighs its probative value." *Maurer* at 264-265; Evid.R. 403. "However, the mere fact that a photograph is gruesome or horrendous is not sufficient to render it *per se* inadmissible." *Id.* at 265, quoting *State v. Woodards*, 6 Ohio St.2d 14, 25, 215 N.E.2d 568 (1966). "Autopsy photographs are generally admissible to help the jury appreciate the nature of the crimes, to illustrate the coroner's or other witnesses' testimony by portraying the wounds, to help prove [\*\*10] the defendant's intent, and to show the lack of accident or mistake." *State v. Costell*, 3d Dist. Union No. 14-15-11, 2016-Ohio-3386, ¶ 142, citing *State v. Shakoor*, 7th Dist. Mahoning No. 01CA121, 2003-Ohio-5140, ¶ 73, citing *State v. Gross*, 97 Ohio St.3d 121, 2002-Ohio-5524, ¶ 52, 776 N.E.2d 1061.

 **[\*P23]** Here, we conclude that the trial court did not abuse its discretion by denying Buck's motion for a mistrial. Although some of the photographs in question are graphic, we determine that these photographs are more probative than prejudicial in at least three respects. First, the images aided the chief medical examiner during her testimony and allowed the jury to better understand the medical examiner's testimony. The chief medical examiner, who performed the autopsy of Michelle Johnson, testified that in preparation for her testimony, she created a PowerPoint presentation to help assist the jury while she discussed her findings, diagnoses, and opinions. The images in dispute were contained in this PowerPoint presentation and shown to the jury while the medical examiner simultaneously discussed each photograph. The medical examiner testified that after conducting the autopsy, her findings and diagnoses "were sharp force injury to the neck which included an incised and stab wound injury to the left jugular vein and anterior neck, which is the front of the neck." She further stated that there were [\*\*11] also "multiple incised and stab wounds to the neck and multiple blunt and sharp * * * force injuries on other areas of

> the body, including the head, the torso, the arms and hands, and a hematoma or bruise of the scalp." The photographs within the PowerPoint presentation depicted the victim's wounds, primarily to the neck, but also to the scalp, back, and hands. Secondly, the photographs helped prove the murderer's intent. *See State v. Ahmed*, 103 Ohio St.3d 27, 2004-Ohio-4190, ¶ 99, 813 N.E.2d 637 (explaining that the trial court did not abuse its discretion by allowing the State to show "gruesome" autopsy slides where the slides illustrated the coroner's testimony and helped prove the killer's intent). The medical examiner testified that the victim sustained 32 stab and incised wounds, thus demonstrating that the victim was purposely killed. Lastly, the State explained that it showed the photographs, in part, to prove the identity of the killer, as the stab wounds to the victim could help explain why Buck had cuts on her hands in the immediate wake of the murder.
>
> **[\*P24]** For these reasons, we determine that the trial court did not err by denying Buck's motion for a mistrial. Our decision on this matter is further buttressed by the trial court's decision to review the PowerPoint during a brief break in the proceedings and delete a photograph on the last slide of the presentation. Lastly, we note that while the trial court allowed the PowerPoint presentation to be admitted into evidence, it did not allow the presentation to be given to the jury during their deliberations.

*State v. Buck, supra.* Although most of the Ninth District's discussion is in terms of Ohio R. Evid. 403, the claim was clearly presented as due process issue; the Assignment of Error claims violation of the "constitutional right to due process" and the Ninth District decided the claim as pleaded. See *Harrington v. Richter*, 562 U.S. 86 (2011).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington, supra*; *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

The Sixth Circuit Court of Appeals has repeatedly rejected claims that the admission of

gruesome or repetitive evidence is a violation of a defendant's right to due process. *Franklin v. Bradshaw*, 695 F.3d 439, 456-57 (6th Cir. 2012) (rejecting claim that autopsy photographs of charred, disfigured, and gory remains of victims denied petitioner the fundamental right to a fair trial); *Biros v. Bagley*, 422 F.3d 379, 391 (6th Cir. 2005) (holding admittedly gruesome photographs of victim's severed head, severed breast, and torso depicting pre- and post-mortem injuries demonstrated defendant's intent to kill and mutilate, and that court's limiting instruction was sufficient to guarantee fundamentally fair trial); *Cooey v. Coyle*, 289 F.3d 882, 893-94 (6th Cir. 2002) (finding gruesome and duplicative photographs were highly probative and did not "raise the spectre of fundamental fairness such as to violate federal due process of law").

The Ninth District's decision on this claim is therefore neither contrary to nor and objectively unreasonable application of Supreme Court precedent. The Fourth Ground for Relief should be dismissed on the merits.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 6, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).