IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROXANNE BUCK,

              Petitioner,     :     Case No. 3:17-cv-344

  - vs -                             District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

Warden,
  Dayton Correctional Institution,

                               :
              Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 4) to the Report and Recommendations recommending dismissal (ECF No. 3). Judge Rose has recommitted the matter for reconsideration in light of the Objections (Recommittal Order, ECF No. 5).

Petitioner pleads four grounds for relief: denial of constitutional right to a speedy trial (Ground One), involuntary waiver of right to speedy trial (Ground Two), ineffective assistance of both trial and appellate counsel in handling the speedy trial issue (Ground Three), and prosecutorial misconduct (Ground Four).

The Report recommended finding no violation of Petitioner's constitutional right to speedy trial because she was brought to trial within the Ohio statutory speedy trial limits which are much stricter than the Sixth Amendment guidelines. It further recommended dismissal of Ground Two because, without a violation of the speedy trial constitutional right, the

1

voluntariness of the waiver did not affect her federal rights. The Magistrate Judge deferred to the Ninth District Court of Appeals on the ineffective assistance of counsel claim. On Ground Four the Report also recommends deferring to the court of appeals finding that the probative value of the autopsy photographs was not outweighed by the prejudice arising from their gruesomeness.

Petitioner objects as to all four grounds, each of which requires analysis.

**Ground One: Speedy Trial Violation**

In her First Ground for Relief, Ms. Buck claims she was denied her constitutional right to a speedy trial. On appeal, the Ninth District considered this claim in the First Assignment of Error. It noted that she had been arrested March 20, 2014, and remained incarcerated until trial began on October 6, 2014. *State v. Buck*, 2017 Ohio App. LEXIS 271 ¶ 10 (9th Dist. Jan. 25, 2017). Under the Ohio speedy trial statute, Ohio Revised Code § 2945.71, each day of pre-trial confinement counts for three days toward the statutory limit of 270 days. Under the three-for-one provision, the statutory speedy trial time expired June 18, 2014. After the time had already expired, on July 3, 2014, Buck waived her speedy trial right with an end date of September 15, 2014, but with no start date. *Id.* The State moved on August 22, 2014, for a continuance to October because a material witness was unavailable material. Buck responded by revoking her waiver, demanding a speedy trial and moving for dismissal on speedy trial grounds on the morning of trial. *Id.*

Although Buck was not brought to trial until 200 days after her arrest, the Ninth District

found no statutory violation because the legal effect of a waiver with no start date was to waive all time from arrest until the agreed continuance date, September 15, 2014. *Id.* at ¶ 11, citing *State v. Maitland*, 2010-Ohio-6585 (7th Dist. 2010), and *State v. Baugh*, 1996 Ohio App. LEXIS 337 (9th Dist. Jan. 31, 1996). Because the actual trial started less than a month after the time began to run under the waiver, the Ninth District concluded the trial was timely commenced. *Id.* at ¶ 11.

This Court is bound to accept the Ninth District's interpretation of state law. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."), *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005)*; Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).

Because Ohio speedy trial law is so much more stringent than federal constitutional law on the speedy trial right, a trial found to be timely under Ohio law is almost always also timely under the Constitution. As noted in the Report, the four constitutional factors to be weighed are (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant has asserted

his right; and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972). Delay is presumptively prejudicial where the post-accusation delay approaches one year. *Doggett v. United States*, 505 U.S. 647 (1992).

The Report only noted that "Petitioner was brought to trial in substantially less than a year" and did not discuss the other factors. Because the Report characterized the *Barker* test as a "balancing" test and did not discuss the other three factors, Ms. Buck believes the result is "unbalanced" (Objections, ECF No. 4, PageID 31). To complete the analysis, the Magistrate Judge notes there was a basis for the continuance, noted by the court of appeals, of the unavailability of a material witness. The second factor weighs in Respondent's favor.

The Petitioner certainly did assert her right by (1) rescinding her waiver, (2) then demanding a speedy trial, and then (3) moving to dismiss on the morning of trial, so the third factor weighs in Petitioner's favor.

Finally, Petitioner asserts prejudice, the fourth factor, from the prosecution's addition of Exhibit 233 on September 17, 2014, and supplementing it on the morning of trial. Petitioner does not tell this Court what the exhibit was and it is not reflected in the court of appeals opinion, so she has not shown this last factor weighs in her favor, i.e., she has not shown prejudice. On balance, although Petitioner vigorously asserted her speedy trial right after August 28, 2014, the Magistrate Judge finds she has not proven a violation of her Sixth Amendment right.

Buck presented her speedy trial claim to the Ninth District as a constitutional claim; her First Assignment of Error expressly mentions her "constitutional right to a speedy trial." When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States

Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Ms. Buck has not shown that the Ninth District's decision is an objectively unreasonable application of clearly established Supreme Court precedent. It is therefore again respectfully recommended that her First Ground for Relief be denied.

**Ground Two: Invalid Waiver of Speedy Trial Right**

In her Second Ground for Relief, Ms. Buck claims her waiver of her speedy trial right was not knowing, intelligent, and voluntary and is therefore void. In recommending dismissal of this Ground, the Report stated "[b]ecause the State did not violate [Ms. Buck's] Sixth Amendment speedy trial right nor attempt to use her waiver to extend trial beyond one year, Ground Two should be dismissed because it does not state a claim on which federal habeas corpus relief can be granted." (ECF No. 3, PageID 21).

Ms. Buck objects that she was "misled into authorizing the state to begin calculating time on 9-15-14." She presented this claim as Assignment of Error II on direct appeal and the Ninth District decided:

> [*P15] Here, Buck signed a time waiver on July 3, 2014, which expressly stated that she was knowingly and voluntarily waiving her right to have her case tried within the time period provided for in R.C. 2945.71 and consented to have her case continued until September 15, 2014. Buck argues on appeal that her waiver was not knowingly, intelligently, and voluntarily given as she was unaware that the waiver related back to the date of her arrest instead of the date that she signed the waiver. However, because the transcript of the pretrial proceeding where Buck waived her speedy trial rights on the record has not been filed with this Court,

> we must presume regularity and the validity of the time waiver. See *N. Olmsted v. Rock*, 8th Dist. Cuyahoga No. 99333, 2013-Ohio-3152, ¶ 21.

*State v. Buck, supra.*

What the Ninth District decided, as this Court reads it, is that all the evidence before it on this question – the signed waiver itself – showed that it was knowing, intelligent and voluntary. Under those circumstances, it had to presume that the trial court proceedings were "regular," i.e. that there was no error. If the transcript showed active misleading by the trial court, e.g., a statement by the trial judge that the waiver would start on the date it was signed, then the court of appeals could have done something else.

Ms. Buck makes her claim in the passive voice: "I was misled." But by whom? If it was the trial judge on the record, then the record should be produced to show that. If it was by her attorney, then it was presumably off the record and would have to be raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21. However, according to the Habeas Petition, no such post-conviction petition was filed (ECF No. 2, PageID 4, ¶ 10).

If Ms. Buck was not actively misled by the trial judge or her attorney – if she just didn't understand – she again would have to present evidence of that lack of understanding in a petition for post-conviction relief, which she has not filed. This Court cannot hear evidence beyond what was presented to the state courts to decide whether she lacked appropriate understanding. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011).

Upon the record that was before the state courts, Ms. Buck has not proved her waiver was involuntary, unknowing, or unintelligent. This Court must therefore defer to the state court's denial of her Second Assignment of Error.

**Ground Three: Ineffective Assistance of Trial and Original Appellate Counsel**

In her Third Ground for Relief, Petitioner asserts she received ineffective assistance of trial counsel when her trial attorney did not put a commencement date on the waiver she signed and misled her by telling her the continuance could not be beyond September 15, 2014. She also asserts she received ineffective assistance of appellate counsel when her original appellate attorney did not request pre-trial transcripts which would have shown the speedy trial violations.

The Report recommended this Ground for Relief should be dismissed as procedurally defaulted because, as to trial counsel, Ms. Buck neither proved ineffective assistance by producing the waiver transcript on appeal nor filed for post-conviction relief and showed there the bad advice she alleges she was given. As to ineffective assistance of appellate counsel, the Ninth District advised Ms. Buck that the appropriate way to raise that claim was by filing a motion to reopen the appeal under Ohio R. App.26(B) which she has not done. (Report, ECF No. 3, PageID 21-24.

Ms. Buck objects that the "waiver itself can be used as proof" and argues that its failure to include a starting date it by itself proof of ineffective assistance of trial counsel. Not so. Ms. Buck has presented no authority showing it is ineffective assistance of trial counsel to fail to put a starting date on such a waiver. There can be many good reasons for a trial attorney to agree to a waiver, even knowing the effect of one that is undated. The Court will not presume deficient performance without some proof of it. Obviously the Ohio courts treated the waiver as valid without a starting date.

Ms. Buck also claims her attorney told her off the record that the trial could not be continued past September 15, 2014. But no sworn proof of that fact was ever before the state

courts, as it could have been in a petition for post-conviction relief. Again, this Court cannot consider facts that are not in the state court record. *Pinholster, supra.*

Ms. Buck suggests she did not file a Rule 26(B) application because she thought the reference to that remedy in the Ninth District's decision was just a suggestion. However, a motion under 26(B) is the only way such a claim can be raised in the Ohio courts. *State v. Murnahan*, 63 Ohio St. 3d 60 (1992). Ms. Buck's ignorance of the law does not excuse her failure to file under 26(B) and this Court does not have the power to just waive that requirement of Ohio law and decide the question itself.

**Ground Four: Probative Value of Autopsy Pictures**

In her Fourth Ground for Relief, Ms. Buck asserts she was deprived of due process when the prosecutor was permitted to show the jury photographs (power point slides) of the victim's autopsy and the prejudicial effect of those photographs outweighed their probative value. The Report noted that the Ninth District had also decided this claim against Ms. Buck when denying her fourth assignment of error and concluded its decision was neither contrary to nor an objectively unreasonable application of Supreme Court precedent (ECF No. 3, PageID 27).

In her Objections, Ms. Buck cites no Supreme Court precedent which is to the contrary. This Court must therefore defer to the Ninth District.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again respectfully recommends

that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 6, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).